UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

PARKER McCAY, P.A.
BRIAN E. CAINE, ESQ.
9000 Midlantic Drive, Suite 300
Marlton, New Jersey 08053
(856) 985-4059
Attorney for Secured Creditor, Lakeview Loan Servicing LLC

Order Filed on July 29, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Dominic DiGrazio
Linda DiGrazio

Case No. 19-17811-VFP
Chapter 13
Hearing Date: July 18, 2019 @ 8:30 a.m.

Judge:   Vincent F. Papalia

## ORDER RESOLVING LAKEVIEW LOAN SERVICING LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: July 29, 2019**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

**(Page 2)**
Debtors:  Dominic DiGrazio and Linda DiGrazio
Case No:  19-17811-VFP
Caption of Order:  Order Resolving Lakeview Loan Servicing LLC's Objection to Confirmation of Debtor's Chapter 13 Plan

Upon consideration of Lakeview Loan Servicing LLC's objection to confirmation of plan (at docket number 23), on the basis of the amount of pre-petition arrears to be cured through the plan as listed in the plan versus the amount of arrears provided for in the secured claim on the property knowns as 1 Gregory Lane, East Hanover, NJ 07936; and the parties having settled their differences and agree to the form, content and entry of the within order; and for good cause appearing therefore, it is hereby;

**ORDERED** as follows:

1. Debtor acknowledges Lakeview Loan Servicing LLC's proof of claim #11 indicating pre-petition arrears of $3,794.61.

2. Debtor does not wish to provide for payment of said arrears through the plan, and wishes for Lakeview Loan Servicing LLC's claim to be unaffected.

3. Debtor does not wish to have any direct payments to Lakeview Loan Servicing LLC treated differently with respect to either pre-petition application versus post-petition application of those payments.

4. Lakeview Loan Servicing LLC may apply *contractually* any payments received by the debtor, and make no distinction between pre-petition payments versus post-petition payments, and any such application of payments (with no pre-petition or post-petition distinction) made post-petition applied towards pre-petition obligations shall not be construed as a violation of the automatic stay.